IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| JASON LITTLE | : | 4:08-CV-01495 |
|---|---|---|
| Plaintiff, | : | (Judge McClure) |
| v. | : | |
| PAUL STINE CHEVROLET t/d/b/a THE NEW PAUL STINE CHEVROLET (A MARK MONAGHAN DEALERSHIP) | : | |
| Defendant. | : | |

**MEMORANDUM**

August 24, 2009

**BACKGROUND:**

On August 8, 2008, plaintiff, Jason Little, instituted this civil action against defendant, Paul Stine Chevrolet, trading and doing business as The New Paul Stine Chevrolet (a Mark Monaghan Dealership) ("Paul Stine"). In his complaint, Little alleges violations of 42 U.S.C. § 1981 (Count I) and violations of the Pennsylvania Wage Payment and Collection Law - 43 Pa.C.S. § 260.1, et seq. (Count II).

On June 1, 2009, defendant filed what is titled on the docket as a Motion for Summary Judgment. (Rec. Doc. No. 12). The docketed document was not actually a motion for summary judgment, but a brief in support of a summary judgment motion. No separate statement of material facts was filed in accordance

with Middle District Local Rule 56.1.  Because plaintiff filed his Response to Defendant's Statement of Facts, we incorrectly assumed that defendant had drafted and served on plaintiff a Motion for Summary Judgment and an accompanying separate Statement of Material Facts, but had simply failed to docket them.  As a result, on July 15 ,2009, we ordered defendant to docket these two documents, which we presumed had already been drafted and served on plaintiff.

Our assumption was incorrect.  Plaintiff, upon service of defendant's brief, in an attempt to comply with the local rules which defendant failed to follow, was simply responding to the facts defendant set forth in its brief in support of a summary judgment motion.

Based on our order, defendant filed a motion for summary judgment and a separate statement of material facts.  (Rec. Doc. No. 16).  Defendant also, without seeking leave from the court, amended the facts in its separate statement of material facts, from the facts set forth in its brief, to which plaintiff had already responded.

On July 22, 2009, plaintiff filed a Motion to Strike Defendant's Motion for Summary Judgment on the grounds that defendant's motion was untimely.  (Rec. Doc. No.  17). Originally, the deadline for dispositive motions was set for March 27, 2009. (Rec. Doc. No. 7)  On February 26, 2009, we extended the deadline for

filing dispositive motions by 45 days, so dispositive motions were due May 11, 2009.  (Rec. Doc. No. 11).  Defendant filed its brief, titled as a Motion for Summary Judgment, on June 1, 2009.

On July 29, 2009, defendant filed two identical documents, docketed twice, under different titles.  (Rec. Doc. No. 19 and 20).  The document is a combined brief opposing plaintiff's motion to strike, and a Motion for Enlargement of time to file defendant's motion for summary judgment.

All motions are ripe for disposition. Now, for the following reasons, we will grant plaintiff's Motion to Strike Defendant's Motion for Summary Judgment. (Rec. Doc. No. 16), and we will strike defendant's Motion for Summary Judgment. (Rec. Doc. No. 12 and 17).  We will deny defendant's Motion for Extension of Time to file it's Motion for Summary Judgment. (Rec. Doc. No. 20).

**DISCUSSION:**

Defendant argues that we should deny plaintiff's motion to strike, and grant its motion for enlargement of time to file its motion for summary judgment based on excusable neglect, pursuant to Fed. R. Civ. P. 6(b)(1)(B).  Counsel stated that she entered the original dispositive motion deadline on her calendar as April 17, 2009, as opposed to the correct date, March 27, 2009.  Thus, when we extended the deadline by 45 days, she entered the deadline on her calendar as June 1, 2009, as

opposed to May 11, 2009.

An excusable neglect analysis is "an equitable one, taking account of all relevant circumstances surrounding the party's omission. Pioneer Investment Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380 (1993)[1]. The factors the Supreme Court set forth include all of the relevant circumstances surrounding the party's omission, including the danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith. Id. at 395.

The reason for the delay is a weak one. We have no way of confirming if such clerical error occurred in good faith, or if this is an afterthought of an excuse. In fact, our extension of deadlines should have prompted defendant to review the existing deadlines, which are posted on the face page of the docket three lines up from the parties' stipulation to extend the deadlines. (Rec. Doc. Nos. 7 and 10.) Although defendant argues there is no prejudice to plaintiff because plaintiff did file a brief opposing defendant's brief purporting to be a motion, there is generally a serious risk of prejudice to parties when one party fails to follow deadlines and files a motion for summary judgment three weeks late, because the opposing party

---

[1]Although the Supreme Court decided this case in the context of Bankruptcy Rule 9006(b)(1), its interpretation of "excusable neglect" took into account the use of the phrase in Fed. R. Civ. P. 6(b).

4

has shifted from engaging in motions work to trial-preparation work, wasting weeks of time. The three week delay did not have an effect on judicial proceedings in this instance, as we had not put the case on a trial list. However, there has been a great impact on the judicial proceedings, because of defendant's ignorance of, or total disregard for the local rules.

The totality of the circumstances lead us to determine that defendant's "motion" for summary judgment (Rec. Doc. Nos. 12 and 16) should be stricken. Defendant did not file a motion in accordance with Fed. R. Civ. P. 7. Defendant did not file a certificate of concurrence or nonconcurrence in accordance with Middle District Local Rule 7.1. Defendant did not file a separate statement of facts in accordance with Middle District Local Rule 56.1. When ordered to docket the statement of facts to which plaintiff had responded, defendant filed an amended statement of facts without seeking leave from the court to amend its statement of facts.

**CONCLUSION:**

Based on our analysis of the factors set forth by the Supreme Court and defendant's ignorance of, or total disregard for the procedural rules, we will strike defendant's motion for summary judgment. We will deny defendant's motion for an extension of time to file a summary judgment motion. We will grant plaintiff's

5

motion to strike defendant's motion for summary judgment.  We will enter a separate order placing this case on a trial list.


                                                s/ James F. McClure, Jr.
                                               James F. McClure, Jr.
                                               United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON LITTLE | : | 4:08-CV-01495 |
| | : | |
| Plaintiff, | : | (Judge McClure) |
| v. | : | |
| | : | |
| PAUL STINE CHEVROLET | : | |
| t/d/b/a THE NEW PAUL STINE | : | |
| CHEVROLET (A MARK | : | |
| MONAGHAN DEALERSHIP) | : | |
| | : | |
| Defendant. | : | |

**ORDER**

August 24, 2009

1. Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment is GRANTED. (Rec. Doc. No. 17).

2. Plaintiff's Motions for Summary Judgment are STRICKEN. (Rec. Doc. Nos. 12 and 16).

3. Defendant's Motion for Extension of Time is DENIED. (Rec. Doc. No. 20).

    s/ James F. McClure, Jr.
    James F. McClure, Jr.
    United States District Judge